## W AY *et al. vs.* MYERS.

Where a contract of rent provided that if the tenant be in any way ousted from the possession of certain rooms, the tenancy and rent should cease, the fact that the landlord entered and used, or allowed others to enter and use temporarily, on one or more occasions, the room during the absence of the tenant, does not constitute such an ouster as to relieve the latter from the payment of rent.

Landlord and tenant.    Ouster.    Before Judge FLEMING. Chatham Superior Court.    May Term, 1879.

To the report contained in the decision it is only necessary to add the following: Way, the tenant, claimed that he had been ousted, because during his absence intrusions had been made upon him ; that his rooms had been entered and used on several occasions by the landlord's family or guests, and without his knowledge and consent.    There seems to be no doubt that intrusions and temporary use were made, but whether the landlord knew of them or assented to them the evidence was conflicting.

A. P. & S. B. ADAMS, for plaintiffs in error.

GEORGE A. MERCER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff on a written contract for the rent of certain described rooms in a tenement house in the city of Savannah.    The defendants pleaded the general issue.    On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $300.00, with interest from the 1st of November, 1877.    A motion for a new trial was made on various grounds, which was overruled, and the defendants excepted.

It appears from the evidence in the record that the lease contract sued on contained the following clause:    " It is

further agreed that if the said Charlton H. Way, be in any way ousted from the possession of said rooms, that then and from thenceforth the tenancy of said rooms and the rent therefor shall cease, the said Charlton H. Way paying proportionately therefor up to the time of such cessation."

The court charged the jury amongst other things, as follows: "I charge you that an ouster is a continuous act of exclusion; the party must take possession and with intention to hold it against the tenant. A temporary taking possession is a mere trespass or intrusion, and will not terminate the tenancy or give the tenant the right to abandon the premises." The evidence as to the temporary occupation of the rented rooms by the landlord's consent or knowledge, was conflicting; but, assuming all of the evidence of the defendants contained in the record to be true, it was not sufficient to constitute an ouster of the defendants' possession of the rented rooms to discharge them from the payment of the rent due therefor, according to the terms of the special rent contract. 2 Bouvier's Law Dictionary, 266; Taylor's Landlord and Tenant, section 389. Whether the charge of the court complained of was right or wrong, the verdict was right, under the evidence and the law applicable thereto, and should not be disturbed.

Let the judgment of the court below be affirmed.